# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| MANUEL HRNEITH, | ) | |
| Movant, | ) | |
| v. | ) | CV617-147 |
| | ) | CR611-023 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 8:14 am, Dec 04, 2017

## **REPORT AND RECOMMENDATION**

Guilty-plea convicted for possession of a firearm as a felon, doc. 31[1] (plea agreement), Manuel Hrneith was sentenced to 70 months' imprisonment, a 13-month upward variance from the applicable advisory imprisonment range under the Sentencing Guidelines. *See* doc. 30 (judgment), doc. 37 (Sentencing Hearing transcript). He appealed, arguing that the Court impermissibly relied on his status as an illegal alien and prior escape from custody, as well as his criminal history, to impose the upward departure under 18 U.S.C. § 3553(a). Doc. 34. The Eleventh Circuit affirmed his sentence, concluding that the district court did not err in "disagree[ing] with the sentencing guidelines" and

---

[1] The Court is citing to the criminal docket in CR611-023 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

imposing a heightened sentence to reflect those factors. Doc. 44 (holding "that the district court's sentence does not lie outside the range of reasonable sentences dictated by the facts of this case" and affirming sentence).

Hrneith now moves under 28 U.S.C. § 2255[2] to correct his sentence "to have his term of imprisonment reduced to the guideline range" of 46-57 months' imprisonment -- in other words, he again seeks to void that contested 13 month upward variance. Doc. 52 at 1-2. He offers no real argument that the sentence was erroneous; rather, he asks the Court to resentence him by applying those same 18 U.S.C. § 3553(a) factors already employed by this Court (and affirmed by the Court of Appeals).

---

[2] Hrneith does not challenge that his sentence is being properly executed (§ 2241 territory); rather, he challenges the propriety of the sentence itself. The Court thus reconstrued Hrneith's motion, titled as a 28 U.S.C. § 2241 petition, as a § 2255 motion to correct his sentence and offered him the opportunity withdraw or amend his motion accordingly. *See* doc. 2 (warning movant of the effect of electing to proceed with his § 2255 motion, citing *Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.")). Hrneith elected to "consent to the court[']s construing his former filing as a [§] 2255 [motion]" (doc. 3 at 1) and filed a supporting affidavit in support of his initial motion (doc. 4 (explaining that his sentence is more than adequate to show him the error of his ways)).

*Id.* at 2-3. Preliminary § 2255 Rule 4 review shows that his motion should be **DENIED**.

Hrneith's argument has already been introduced and rejected on appeal. *See* doc. 44. He is thus foreclosed from raising it again in this Court in a § 2255 motion. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) ("It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal."); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255."); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994) ("[P]rior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding."); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981) ("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal."). Put another way, the Court cannot consider his argument regardless of whether Hrneith believes the upward variance unfairly punitive.

Accordingly, Manuel Hrneith's § 2255 motion should be **DENIED** as procedurally barred. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __1st__ day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA